UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Plaintiff,

     - against -                    **OPINION & ORDER**
                                    04-CV-5045 (ILG) (KAM)

CPT MEDICAL SERVICES, INC., et al.,

                Defendants.
----------------------------------X
MATSUMOTO, United States Magistrate Judge:

        The Court has reviewed the letters (docket nos. 69, 80, 81 and 82) submitted by plaintiff and non-party Brentwood Pain and Rehabilitation Services, P.C. ("Brentwood"), regarding plaintiff's application to compel production of documents and the appearance of a witness, and for an award of attorneys' fees, following Brentwood's failure to comply with a subpoena duces tecum purportedly served by plaintiff's process server on April 21, 2005.

        For the reasons set forth below, the Court vacates that portion of its September 7, 2005 Order (docket no. 70) directing Brentwood to comply with the subpoena "by producing all responsive documents and producing a witness for deposition as requested by plaintiff." The Court further orders that Brentwood advise plaintiff in writing, no later than October 12, 2005, of the names and addresses of Brentwood's authorized agents or employees and the dates and times that they will be available to accept service of plaintiff's subpoena duces tecum. Upon receipt of the foregoing information from Brentwood, plaintiff is ordered to advise the Court by October 17, 2005, whether it will proceed with service on the individual(s) identified by Brentwood. If the plaintiff informs the Court that it will not serve the subpoena on Brentwood, and instead,

advises that it will pursue its instant application, the Court will hold an evidentiary hearing to determine whether service of plaintiff's subpoena duces tecum was properly effected on April 21, 2005. The Court denies plaintiff's application for attorneys' fees.

Plaintiff's submission, dated September 2, 2005, in support of its motion for an order compelling the production of documents and testimony by Brentwood, included two affidavits of service from its process server, Darryl Green. Both affidavits stated that on April 21, 2005, Green served the subpoena at Brentwood's business address on an individual named Adora Smith, who represented that she was authorized to accept service of a subpoena at that address. See docket no. 69, Exs. B, C.

A process server's affidavit of service "establishes a prima facie case of the account of the method of service," and establishes a presumption of proper service. Old Republic Ins. Co. v. Pacific Fin. Servs., 301 F.3d 54, 57 (2d Cir. 2002) (citing NYCTL 1997-1 Trust v. Nillas, 732 N.Y.S.2d 872, 873 (App. Div. 2001)). Based on the plaintiff's submissions, the Court, by order dated September 7, 2005, ordered that Brentwood comply with the plaintiff's subpoena by producing documents and a witness and show cause why plaintiff should not be awarded its fees incurred in enforcing the subpoena.

Subsequently, in response to the Court's September 7, 2005 Order, Brentwood submitted a letter dated September 23, 2005, and attached a declaration dated September 23, 2005 by Brentwood's billing supervisor, Patricia Cutaia, attesting that the individual who accepted service of the subpoena, Adora Smith, is not known to her and was never employed nor authorized by Brentwood to "accept or hold correspondence or normal deliveries, let alone, service of legal process." Docket no. 80, Ex. 1, Declaration of Patricia Cutaia ("Cutaia Decl."),

at ¶¶ 8, 9, 12. Cutaia's Declaration further states that on April 21, 2005, she was present in the Brentwood billing office, which also shared space with an entity that had purchased Brentwood's practice, when the subpoena was purportedly served, and that she was not advised that the process server had arrived to serve process on Brentwood. Id. at ¶13.

Cutaia's Declaration also describes fairly complicated and uncertain circumstances under which Brentwood may receive legal process at its offices, now primarily occupied by Liberty Orthopedics, which had purchased Brentwood's practice as of April 2005. According to the Cutaia Declaration, Brentwood employees are not always present in the office to accept legal process. The Court notes that the Cutaia Declaration does not provide the names and hours of employees and agents authorized to accept service and that Cutaia does not explicitly state whether even she is authorized to accept legal process. See id. at ¶¶ 5-6, 10-11.

Finally, the Cutaia Declaration requests on behalf of Brentwood that the Court vacate its September 7, 2005 Order directing Brentwood to provide documents, deny plaintiff's request that Brentwood pay five hundred dollars in attorneys' fees to plaintiff to enforce the subpoena, and order plaintiff to comply with the "applicable rules for service of subpoenas." Id. at ¶ 14. By submitting the Cutaia Declaration, Brentwood rebutted the presumption, established in plaintiff's moving papers (docket no. 69), that the subpoena was properly served on Brentwood. See Old Republic, 301 F.3d at 57 ("A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing. But no hearing is required where the defendant fails to swear to "'specific facts to rebut the statements in the process server's affidavits.'") (quoting Simonds v. Grobman, 716 N.Y.S.2d 692, 693 (App. Div. 2000)). Based upon Brentwood's showing that

service was made on an individual not known to Brentwood and not authorized to accept service on behalf of Brentwood, this Court ordered on September 26, 2005, that plaintiff serve Brentwood with the subpoena, thus effectively vacating its September 7, 2005 Order that Brentwood comply with the subpoena duces tecum. The Court also denied without prejudice plaintiff's application for attorneys' fees.

Thereafter, by letter dated September 29, 2005 (docket no. 81), plaintiff submitted a response to Brentwood's September 23 submission, attaching yet a third sworn statement from its process server, Darryl Green, specifically declaring under penalty of perjury that upon his arrival at Brentwood's business address, he informed the receptionist that he was there to serve a subpoena on a representative of Brentwood, to which the receptionist responded that a Brentwood representative would be contacted. The process server then observed the receptionist place a telephone call and, shortly thereafter, Adora Smith then appeared and represented that she was authorized to, and did accept service of the subpoena on behalf of Brentwood. Docket no. 81, Ex. A, Declaration of Darryl Green ("Green Decl."), at ¶¶ 3-5. As noted above, Green's earlier affidavits of service had stated that Smith represented that she was authorized to accept service at the address where Brentwood conducted business, but did not specifically state that she was authorized to accept service on behalf of Brentwood. Compare id. ¶¶ 4-5 with docket no. 69, Exs. B, C. Plaintiff's September 29, 2005 submission also attaches letters from plaintiff's counsel to Brentwood, requesting Brentwood's compliance with and enclosing a copy of the subpoena, to which Brentwood did not respond. Plaintiff asserts that this correspondence further demonstrates that Brentwood received proper notice and service of the subpoena duces tecum.

In determining the validity of service of a subpoena on a corporation pursuant to

Fed. R. Civ. P. 45, which is silent on the issue, the parties agree that courts may be guided by Fed. R. Civ. P. 4(h)(1) regarding service of process on corporations and individuals. See Krepps v. Reiner, No. 05 Civ. 107, 2005 WL 1793540, at * 2 (S.D.N.Y. June 24, 2005) (citation omitted); see also In re Grand Jury Subpoenas Issued to Thirteen Corporations, 775 F.2d 43, 46 (2d Cir. 1985); Ultradent Products, Inc. v. Hayman, No. M8-85, 2002 WL 31119425, at * 3 (S.D.N.Y. Sept. 24, 2002). Rule 4(h)(1) provides that service may be made on a corporation in the manner prescribed for individuals in Rule 4(e)(1), or "by delivering a copy of the [subpoena] to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service [of the subpoena] and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the [party to be subpoenaed]."

A process server may reasonably rely on corporate personnel to identify individuals authorized to accept service. Old Republic, 301 F.3d at 57-58; Garcia v. Maersk, Inc., No. 03 Civ. 5697, 2005 WL 1492380, at * 2 (E.D.N.Y. June 24, 2005) (reliance on corporate security guard to identify officer authorized to accept service found reasonable). "As long as the process server's reliance on corporate personnel is reasonable, the [subpoenaed party] may not later complain" that it was not properly served, "even if the [subpoena] was mistakenly delivered to a person who was not authorized to accept service." Old Republic, 301 F.3d at 57.

Based on the conflicting declarations of plaintiff's process server and Brentwood's billing clerk regarding Adora Smith's apparent authority to accept service of a subpoena on behalf of Brentwood, this Court may order an evidentiary hearing. See Old Republic, 301 F.3d at 57-58; U.S. v. Gilbert, No. 94 Cr. 1003, 1997 WL 33601, at *1 (S.D.N.Y. Jan. 29, 1997). Whether plaintiff's process server reasonably relied upon the personnel at

Brentwood's business address to provide an individual who represented that she was authorized to accept service on Brentwood's behalf may be determined at an evidentiary hearing. For example, in response to the most recent Green Declaration, Brentwood may offer testimony by Smith and the receptionist as to what representations were made regarding Smith's authority to accept service for Brentwood. It is the Court's view, however, that the parties' and Court's resources, the services of counsel, and the witnesses' time would not be wisely expended on such a hearing.

For the foregoing reasons, the Court vacates that part of its September 7, 2005 Order compelling Brentwood to produce documents and a witness in response to plaintiff's April 21, 2005 subpoena. The Court further orders, based on Cutaia's description of the complexities confronting process servers seeking to serve legal process on Brentwood, that by October 12, 2005, Brentwood provide the names and addresses of Brentwood's authorized agents or employees and the dates and times that they will be available to accept service of plaintiff's subpoena. The Court urges plaintiff's counsel to consider serving Brentwood with the subpoena, after Brentwood provides the specific information regarding its authorized representative on October 12, 2005. The Court orders that plaintiff advise the Court no later than October 17, 2005, whether it will serve Brentwood as required by the Federal Rules of Civil Procedure.

Finally, upon the foregoing record, the Court, in its discretion, finds that an award of attorneys' fees is not warranted and accordingly denies plaintiff's request for fees. See Fed. R. Civ. P. 37; DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 135-36 (2d Cir. 1998) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)).

**SO ORDERED.**
Dated: October 6, 2005
      Brooklyn, New York

                                             /s/
                                    KIYO A. MATSUMOTO
                                    United States Magistrate Judge