UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

    - against -          **MEMORANDUM & ORDER**
                            04-CV-5045 (ILG)(KAM)

CPT MEDICAL SERVICES, INC., *et al.*,

        Defendants.
- - - - - - - - - - - - - - - - - -X
MATSUMOTO, United States Magistrate Judge:

        By Memorandum and Order dated May 24, 2006 (the "May 24 Order"), familiarity with which is assumed, the Court, *inter alia*, granted plaintiff's request for certain financial records from non-parties Multi-Medical Management ("Multi-Medical") and Michael Dante Management (collectively, the "Lee Entities"). In addition, the Court denied without prejudice plaintiff's request for production of the Lee Entities' tax returns, stating that if plaintiff "still seeks the requested tax returns after reviewing the financial records which the Lee Entities have been directed to produce, the Court may revisit this issue upon an appropriate application." (Doc. No. 122, Mem. & Order.)

        Presently before the Court is plaintiff's renewed application to compel production of tax returns from the Lee

Entities for the years 1996 to the present.[1]  The Lee Entities

have objected to plaintiff's subpoena alleging that their tax

returns are confidential and that plaintiff has not demonstrated

a compelling need for them.  (Doc. No. 129, Letter from Lawrence

Kushnick, Esq. dated July 13, 2006 ("Kushnick July 13 Ltr.").)

In addition, the Lee Entities claim that "plaintiff has not yet

obtained and reviewed the statements and checks of the non-

party," and therefore, the information contained in the Lee

Entities' tax returns may be obtainable from other sources.[2]

        Plaintiff also requests an order permitting plaintiff

to recall non-party Richard Lee for deposition if certain records

now claimed by Mr. Lee to be unavailable, "should be identified

and located . . . ."  (Doc. No. 127, Letter from Jonathan Marks,

Esq. dated July 6, 2006 ("Marks July 6 Ltr.").  The Lee Entities

contend that plaintiff's request to recall Mr. Lee is not ripe

for adjudication.

        Upon consideration of the submissions relative to

---

[1] The Lee Entities admit that in 1996, Multi-Medical and
Michael Dante Management began relationships with entities
through which defendant Anne Brutus allegedly ordered CPT tests.
(See Doc. No. 127, Ex. G., Letter from Lawrence Kushnick, Esq. to
Jonathan Marks, Esq. dated June 27, 2006.)

[2] By order dated July 27, 2006, the Court directed plaintiff
to respond to this contention and to indicate "whether or not the
information contained in the Lee Entities' tax returns, as
requested, is otherwise obtainable through the Lee Entities' bank
statements and checks."  Plaintiff responded by letter dated
August 11, 2006 (doc. no. 139).

plaintiff's instant application, and the Court's May 24 Order, plaintiff's renewed request to compel the Lee Entities' tax returns is granted. Further, plaintiff's motion to recall Mr. Lee is granted to the extent that the records now claimed by Mr. Lee to be unavailable are located.

## DISCUSSION

1. **Tax Returns**

As discussed in the May 24 Order, a party seeking to compel disclosure of tax returns must show that the tax returns are relevant to the subject matter of the action and that a compelling need for disclosure of the tax returns exists because the information contained in the tax returns is not otherwise readily available. See Cooper v. Hallgarten & Co., 34 F.R.D. 482, 484 (S.D.N.Y. 1964). Because the Court has already ruled that the first prong, relevance, is satisfied (see May 24 Order at 6), the Court's inquiry herein focuses on whether the information sought from the tax returns is obtainable from other sources.

Plaintiff has demonstrated a compelling need for the Lee Entities' tax returns. Contrary to the Lee Entities' "understanding that plaintiff has not yet obtained and reviewed the bank statements and checks" of the Lee Entities (Kushnick July 13 Ltr.), plaintiff represents that it has "subpoenaed and

-3-

obtained bank records for one account of Multi-Medical and one account of Michael Dante." (Doc. No. 139, Letter from Jonathan Marks, Esq. dated Aug. 11, 2006 ("Marks Aug. 11 Ltr.") at 1.) Plaintiff contends that these bank records demonstrate financial relationships that bear on their claims in this case. (See generally, id. at 1-2.)

Plaintiff seeks the tax returns which "should disclose income, expenses and deductions from which relationships can be identified." (Marks July 6 Ltr. at 3.) The Court agrees with plaintiff's contention that the tax returns should disclose the relevant information that plaintiff seeks. (See generally, Marks Aug. 11 Ltr. at 2-3.) Moreover, because the Lee Entities claim that their general ledgers do not exist, and because the bank records do not provide plaintiff with information that it seeks (see id.), the Court finds that plaintiff has demonstrated compelling reasons for disclosure of the Lee Entities' tax returns. Accordingly, the Lee Entities shall provide plaintiff with their tax returns from 1996 to the present within 20 days of the date of this order.

**2.    Deposition of Mr. Lee**

Plaintiff's motion to recall Mr. Lee is granted if those records now claimed by Mr. Lee to be unavailable are located.

-4-

## CONCLUSION

For the foregoing reasons, plaintiff's motion is granted. Plaintiff shall serve a copy of this order on the Lee Entities' counsel immediately upon receipt.

**SO ORDERED.**
Dated: August 23, 2006
      Brooklyn, NY

                                       /s/
                                KIYO A. MATSUMOTO
                                United States Magistrate Judge
                                Eastern District of New York