UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

STATE FARM MUTUAL AUTOMOBILE                    **NOTICE OF MOTION**
INSURANCE COMPANY,

              Plaintiff,                         Index No.:      04-CV-5045
                                                      (ILG)(KAM)

              -against-

CPT MEDICAL SERVICES, et. al.

              Defendants.
_____

SIRS:

PLEASE TAKE NOTICE that upon the attached Memorandum of Law and the First Amended
Complaint, Defendants Bozena Augustyniak, Bronxborough Medical and Wellness, P.C., Boris
Zak and Summit Management Corp., will move this Court, Hon. I. Leo Glasser U.S.D.J., in
Courtroom    , United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, on the
day of      , 2008 at    o'clock in the am/pm, or as soon thereafter as counsel can be heard, for an
Order pursuant to Fed. R. Civ. P. Rule 12(b)(6) dismissing the Third, Fourth, Fourteenth and
Fifteenth Causes of Action.


Dated: Garden City, NY
        January 04, 2008

                    /s/ Matthew J. Conroy
                    _____
                    Matthew J. Conroy (MC 9014)
                    MATTHEW J. CONROY & ASSOCIATES, P.C.
                    350 Old Country Road – Suite 106
                    Garden City, NY 11530
                    (516) 248-2425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                    CV 04 5045 (ILG)(KAM)

                Plaintiff

-against-

CPT MEDICAL SERVICES, P.C., et al.

                Defendants.
--------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BORIS ZAK, SUMMIT MANAGEMENT CORP., BOZENA AUGUSTYNIAK AND BRONXBROUGH MEDICAL AND WELLNESS, P.C.'S MOTION TO DISMISS THE THIRD, FOURTH, FOURTEENTH AND FIFTEENTH CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT


*Matthew J. Conroy and Associates, P.C.*
*350 Old Country Road – Suite 106*
*Garden City, New York 11530*

## <u>TABLE OF CONTENTS</u>

Factual Background……………………………………………………….......6

    1.   The Initial Complaint………………………………………….........6

    2.   The First Amended Complaint……………………...........................6

    3.   The New Nature of the Case………………………………………...7

Standard of Review…………………………………………………………8

Argument…………………………………………………………………9

    1.  Third Cause of Action (26 U.S.C. 1962(c)) …………………………...9

          a.   Plaintiff is barred from asserting RICO claims based
               upon fraudulent corporate structure prior to April 04, 2002…………9

          b.   Plaintiff has failed to plead with sufficient particularity……………13

          c.   Plaintiff has failed to properly plead an Enterprise…………………14

    2.   Fourth Cause of Action (Common Law Fraud)…………………………17

    3.   Fourteenth Cause of Action (Common Law Fraud)…………………………..17

    4.   Fifteenth Cause of Action (Unjust Enrichment)………………………………...18

Conclusion……………………………………………………………………19

2

# TABLE OF AUTHORITIES

*Cases*                                                                                           *Page*

*AIU Ins. Co. v. Olmecs Med. Supply, Inc.*,
2005 U.S. Dist. LEXIS 29666 (ERK)……………………………………………15, 19

*Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.*,
475 F.Supp.2d 213 (EDNY 2007) (DRH)……………………………………………12

*B.V. Opitsche Industrie de Oude Delft v. Hologic, Inc.*,
909 F. Supp. 162, 169 (S.D.N.Y. 1995)……………………………………………………11

*Conley* v. *Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80
(1957)……………………………………………………………………………8

*De Falco v. Bernas,* 244 F.3d 286, 309 (2d Cir. 2001)…………………………………16

*Dietrich v. Bauer*, 76 F.Supp.2d 312, 329 (S.D.N.Y. 1999)……………………………11

*Discon, Inc. v. Nynex Corp.*, 93 F.3d 1055, 1063 (2d Cir. 1996)………………………10

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178
(2d Cir. 2004)……………………………………………………………………9

*Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)………………………..11

*Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 519 (2d Cir. 2001)……………………..18

*Goldman v. Garofalo*, 71 A.D.2d 650, 418 N.Y.S.2d 803 (1979)…………………........12

*Johnston v. Dahlgren*, 166 NY 354, 59 N.E. 987 (1901)………………………………12

*Kotteakos v. United States*, 328 U.S. 750, 769, 66 L.Ed. 1557
(1946)……………………………………………………………………………15

*Lerner v. Fleet Bank, N.A.,* 459 F.3d 273 (2d Cir. 2006……………………………...8, 18

*Manela v. Gottlieb*, 784 F. Supp. 84, 87 (S.D.N.Y. 1992)………………………………11

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)…………………9, 18

*Morin v. Trupin*, 747 F.Supp. 1051, 1064 (S.D.N.Y. 1990)……………………………11

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983)
cert. denied sub nom., *Moss V. Newman*, 465 U.S. 1025 (1984)…………………………10

*New York Auto Ins. Plan v. All Purpose Agency & Brokerage, Inc.*,
97-CV-3164, RICO Bus. Disp. Guide 9611, 1998 WL 695869 at *6
(S.D.N.Y. Oct. 6, 1998)……………………………………………………………………10, 15

*Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990)………………………………10

*Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932,
92 L. Ed. 2d 209 (1986)……………………………………………………………………8

*Redtail Leasing, Inc. v. Bellezza,* 1997 U.S. Dist. LEXIS 14821,
No. 95 Civ. 5191 (JFK), 1997 WL 603496 7-8 (S.D.N.Y. Sept. 30, 1997)……………18

*Reves v. Ernst & Young,* 507 U.S. 170, 185, 113 S. Ct. 1163,
122 L. Ed. 2d 525 (1993)…………………………………………………………..10, 16

*Schmidt v. Fleet Bank,* 16 F. Supp. 2d 340……………………………………………17

*S.Q.K.F.C., Inc. v. Bell Atl. Tricon Leasing Corp.*, 84 F.3d 629, 633
(2d Cir. 1996)……………………………………………………………………..11

*State Farm Mutual Automobile Insurance Company v.*
*Robert Mallela, et al.*, 4 N.Y.3d 313, 794 N.Y.S.2d 700 (2005)……………………7, 12

*Swierkiewicz* v. *Sorema N. A.*, 534 U.S. 506, 508, n. 1,
122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)……………………………………………8

*Tavakoli-Azar v. Crescent Mgmt., Inc.*, No. 97 Civ. 0696,
1999 WL 1052016, at 3 (S.D.N.Y. Nov. 19, 1999)……………………………………11

*United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527,
69 L.Ed.2d 246 (1981)……………………………………………………………14

*United States v. Workman,* 80 F.3d 688, 696 (2d Cir.1996)……………………………17

*United States Fire Ins. Co. v. United Limousine Serv., Inc.,*
303 F. Supp. 2d 432, 451-452 (S.D.N.Y. 2004)………………………………………...16

*Universal City Studios, Inc. v. Nintendo Co.*, 797 F.2d 70, 79 (2d Cir.1986)…………..18

*Vicon Fiber Optics Corp. v. Scrivo*, 201 F.Supp.2d 216, 219 (S.D.N.Y. 2002)………..11

***Statutes & Regulations***                                                    ***Page***

*Federal Rules of Civil Procedure* Rule 8(a)(2)……………………………………..8

*Federal Rules of Civil Procedure* Rule 9(b)……………………………………..8

18 U.S.C. 1961(4)…………………………………………………………………..11

18 USC 1962(c)……………………………………………………………………10

18 U.S.C. 1964……………………………………………………………………9


***Treatises***                                                                 ***Page***

*Wright & A. Miller, Federal Practice and Procedure*
§ 1216, pp. 235-236 (3d ed. 2004)…………………………………………………8

The Defendants Boris Zak, Summit Management Corp., Bozena Augustyniak, M.D. and Bronxborough Medical and Wellness, P.C. (hereinafter "Defendants") submits the following Memorandum of Law in Support of their Motion to Dismiss the Third, Fourth, Fourteenth and Fifteenth Causes of Actions asserted against them in the Plaintiff's First Amended Complaint.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY

### 1.    *The Initial Complaint*

The Initial Complaint was filed by Plaintiff on November 19, 2004.  That pleading contained 11 Defendants, 113 paragraphs and five (5) causes of action.

The nature of this case as described by Plaintiff in paragraphs 1 through 4 of the Initial Complaint is for Plaintiff to recover monies paid to the Defendants CPT Medical Services, P.C. and Hoss Medical Services, P.C. for CPT tests allegedly ordered by the eight (8) Defendant Doctors.

At the heart of the Plaintiff's claim is the allegation that CPT tests have no diagnostic value.

### 2.    *The First Amended Complaint*

In stark contrast to the Initial Complaint, the First Amended Complaint (hereinafter "Amended Complaint") contains 47 defendants, 358 paragraphs and thirty (30) causes of action.

Despite the survival of the allegations concerning the impropriety of CPT testing, Plaintiff seeks to radically change the nature of its claims to create a large scale 'corporate structure' case.

Although Plaintiff attempts to tie the corporate structure claims to the facilitation of CPT testing, alleging that "kickbacks" were paid by the Weinstein defendants to the management companies of the various professional corporations, Plaintiff makes no allegations of kickbacks being paid to either Boris Zak, Summit Management Corp., Bozena Augustyniak or Bronxborough Medical and Wellness, P.C.

### 3.     The New Nature of the Case

The Amended Complaint is drastically more complex in scope and breadth than the initial complaint.  Fraudulent 'corporate structure', as the term has come to be known in the industry, has evolved significantly since *State Farm v. Malella,* 4 N.Y.3d 313 (2005).  Plaintiff seeks to add twelve (12) management companies and nine (9) "true owners" of the medical professional corporations.  The framework for adding these new defendants is primarily, if not entirely, to assert new claims for 'fraudulent incorporation'.

Most significantly, the damages the Plaintiff seeks from these new defendants are based on all monies paid to the corresponding clinics by Plaintiff.  There is no correlation whatsoever to the original claim for damages based on monies paid to the Tuncel entities for CPT Tests.  As is further discussed below, Plaintiffs allege damages against the moving defendants in the amount of $448,000.00 (Causes of Action 14th and 15th).

## STANDARD OF REVIEW

It is well settled that the Court evaluate the sufficiency of a Complaint based upon the pleading requirements set forth in Federal Rules 8 and 9, depending on the type of action plead.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley* v. *Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g.*, *Swierkiewicz* v. *Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

Rule 9(b) of the *Federal Rules of Civil Procedure* provides "[i]n all averments of fraud or mistake, the circumstances  constituting fraud or mistake shall be stated with particularity."

8

"All allegations of fraudulent predicate acts [under RICO] are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004) (affirming the dismissal of an amended complaint because the allegedly fraudulent acts of which plaintiffs complained "were not pled with sufficient particularity").

To properly plead fraud, a Plaintiff must:

(a) Specify the statements that were fraudulent;

(b) Identify the speaker of the statement;

(c) State the time and place the statement was made; and

(d) Explain why the statements were fraudulent.

See *Lerner v. Fleet Bank, N.A., 459 F.3d 273 (2d Cir. 2006) quoting Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).


**ARGUMENT**

**1. Third Cause of Action (26 U.S.C. 1962(c))**

**a. Plaintiff is barred from asserting RICO claims based upon fraudulent corporate structure prior to April 04, 2002**

Plaintiffs have asserted a cause of action against the Weinstein entities, Huseyin Tuncel, the prescribing doctors, the medical PCs, the True Owners and the Management Companies for violating 18 USC 1962(c).

A private cause of action under RICO is authorized by 18 U.S.C. 1964, which permits any person injured "by reason of" a violation of 18 U.S.C. 1962 to recover treble damages and attorney's fees.  Section 1962 makes it unlawful to (a) invest income derived from a pattern of "racketeering activity" in an interstate enterprise, (b) acquire or

maintain an enterprise "through a pattern of racketeering," (c) participate in the conduct of an enterprise "through a pattern of racketeering," or (d) conspire to violate any of these substantive prohibitions.

As such, to successfully plead a cause of action under RICO 18 U.S.C. 1962 (c), a party must satisfy seven (7) elements:

1. that the defendant

2. through the commission of two or more acts

3. constituting a "pattern"

4. of "racketeering activity"

5. directly or indirectly invests in, or maintains an interest in, or participates in

6. an "enterprise" as the same has been defined by 18 U.S.C. 1961(4)

7. the activities of which affect interstate or foreign commerce.

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) cert. denied sub nom., *Moss V. Newman*, 465 U.S. 1025 (1984).

Moreover, for claims asserted under §§ 1962(a), (b) and (c), a party must meet additional special pleading requirements. *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990) (an investment injury must be alleged for claims under § 1962(a)); *Discon, Inc. v. Nynex Corp.*, 93 F.3d 1055, 1063 (2d Cir. 1996) (an acquisition injury must be alleged for claims under § 1962(b)), rev'd on other grounds, 525 U.S. 128 (1998); *Reves v. Ernst & Young*, 507 U.S.170, 185 (1993) (plaintiff asserting a § 1962 (c) claim must plead and prove that defendants participated "in the operation or management of the enterprise itself").

10

To state a valid RICO claim under 18 U.S.C. §§ 1962 (a), (b) or (c), the Complaint must "charge each named defendant with the commission of two or more predicate acts". *Morin v. Trupin*, 747 F.Supp. 1051, 1064 (S.D.N.Y. 1990). Furthermore, to have standing to bring such claim against a particular defendant, a plaintiff must also allege that at least one predicate act by that defendant factually and proximately caused an injury to the plaintiff's business or property. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992).

In the case at bar, the Complaint purports to allege mail fraud, in violation of 18 U.S.C. § 1341 as the predicate act as the basis for the RICO action.  A well pleaded complaint requires a plain statement of the alleged bad acts tied to a place, time, and content that can be tested by a trier of facts.  See *B.V. Opitsche Industrie de Oude Delft v. Hologic, Inc.*, 909 F. Supp. 162, 169 (S.D.N.Y. 1995); *Manela v. Gottlieb*, 784 F. Supp. 84, 87 (S.D.N.Y. 1992); *Tavakoli-Azar v. Crescent Mgmt., Inc.*, No. 97 Civ. 0696, 1999 WL 1052016, at 3 (S.D.N.Y. Nov. 19, 1999).

In order to plead mail fraud pursuant to 18 U.S.C. § 1341, a party must allege "(1) the existence of a scheme to defraud, (2) defendant's knowing or intentional participation in the scheme, and (3) the use of interstate mails or transmission facilities in furtherance of the scheme." *S.Q.K.F.C., Inc. v. Bell Atl. Tricon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir. 1996).  Where the claim is made against multiple defendants, the Complaint must provide notice to each defendant of its alleged misconduct.  *Dietrich v. Bauer*, 76 F.Supp.2d 312, 329 (S.D.N.Y. 1999).  Finally, as with any fraud claim, plaintiff must allege that it justifiably relied on a material misrepresentation or omission to its detriment.  *Vicon Fiber Optics Corp. v. Scrivo*, 201 F.Supp.2d 216, 219 (S.D.N.Y. 2002)

11

("Reliance on the allegedly fraudulent representation as the cause of injury is the sine qua non of a predicate act of wire fraud.")

Although the Plaintiffs allege mail fraud as the predicate acts for purposes of establishing a "pattern of racketeering activity", central to the allegations concerning the moving defendants' participation in the enterprise as well as the underlying scheme to defraud is that Boris Zak secretly owned and controlled Bronxborough through Summit and exercised improper influence in encouraging Augustyniak to refer patients for unnecessary CPT testing.

The seminal corporate structure case in New York holds that "no cause of action for fraud or unjust enrichment would lie for any payments made by the carriers before that regulations effective date of April 04, 2002."  *State Farm Mutual Automobile Insurance Company v. Robert Mallela, et al.*, 4 N.Y.3d 313, 794 N.Y.S.2d 700 (2005).

New York Courts historically held that lack of a license does not permit recovery of a fee from the unlicensed provider after it has been paid.  *Johnston v. Dahlgren*, 166 NY 354, 59 N.E. 987 (1901); *Goldman v. Garofalo*, 71 A.D.2d 650, 418 N.Y.S.2d 803 (1979).

This Court has expressly found that *Mallela* altered the common law prospectively to allow for the recovery of fees paid after the regulation's effective date. *Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.*, 475 F.Supp.2d 213 (EDNY 2007) (DRH).

Plaintiffs have attached thirty six (36) exhibits to the First Amended Complaint. The only documents relating to the moving defendants are found at Exhibits G and Exhibit H.  Exhibit G lists all patients allegedly referred by Augustyniak for CPT testing.

12

Exhibit H lists 91 'Rico Events' attributable to Augustyniak.  Each entry represents the mailing of a bill by an unidentified source to plaintiff indicating a date of mailing, but with no indication whether the bill was paid, and if so, when it was paid.

All but three entries on Exhibit H reflect dates of mailing prior to April 04, 2002, the effective date of the regulation.

Plaintiffs cannot effectively plead the moving defendants' role in the mail fraud or the underlying scheme to defraud based upon a fraudulent corporate structure theory that did not exist as a matter of law at the time the acts are alleged to have been committed.

As such the Third Cause of Action should be dismissed against the moving defendants.

### b. Plaintiff has failed to plead its RICO claims with sufficient particularity

While Plaintiff has gone to great lengths categorizing the groups of defendants and attempting to set forth a comprehensive description of the underlying scheme to defraud, a careful reading of the First Amended Complaint reveals a paramount distinction between the moving defendants and the other defendants in this case.

Plaintiff has described a kick-back arrangement as a key component of the scheme.  Paragraph 24 of the First Amended Complaint details payments made by the Weinstein defendants to the "True Owners" and "Management Companies" as kickbacks for referring their patients for testing.

Plaintiff alleges the following payments:

1.  $939,000.00  to Michael Dante and Multi Medical;

2.  $62,000.00 to Highcrome; and

3.  $62,220 to RIM Management.

13

It is the allegation of kickbacks to the "True Owners" that completes the circle for Plaintiff, tying in the various groupings of defendants to the activities of the Testing Companies and the Weinstein entities who are alleged to have ultimately submitted the bills to Plaintiff and received all the monies alleged to be Plaintiff's damages in this case.

It is clear from a plain reading of the complaint that the Plaintiff is not alleging that these moving defendants actually made any fraudulent statements to State Farm.  Nor is Plaintiff alleging that the moving defendants received any money for any alleged participation in this scheme.

Insofar as Plaintiff has failed to plead with the requisite particularity, that the moving defendants participated or agreed to commit the underlying acts, the Third Cause of Action must be dismissed against the moving defendants.

### c.  *Plaintiffs have failed to allege facts sufficient to establish an "enterprise"*

In interpreting the "RICO" enterprise requirement, the Supreme Court has explained that "there is no restriction upon the associations embraced by the definition: an enterprise includes any union or group of individuals associated in fact."  *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981).

Nevertheless, the "enterprise" must be "an entity for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* at 583, 101 S.Ct. at 2528.

The Plaintiffs' Complaint sets forth the classic "hub-and-spoke" conspiracy.

In an analogous case, the Supreme Court rejected a similarly alleged "hub-and-spoke" conspiracy which had a pattern of separate spokes meeting at the common center

14

without the "rim of the wheel to enclose the spokes." *Kotteakos v. United States*, 328 U.S. 750, 769, 66 L.Ed. 1557 (1946). In *Kotteakos*, the Court held that a hub-and-spoke conspiracy in which one person arranged fraudulent loans for eight separate people constituted not one but eight separate conspiracies, each requiring its own proof for conviction. The Court cautioned against confusing "the common purpose of a single enterprise with the several, though similar, purposes of numerous separate enterprises of like character." *Id*. at 770.

Most courts have consistently found that complaints alleging hub-and-spoke conspiracies fail to satisfy the RICO enterprise requirement. The Southern District rejected such a conspiracy in *New York Auto Ins. Plan v. All Purpose Agency & Brokerage, Inc.*, 97-CV-3164, RICO Bus. Disp. Guide 9611, 1998 WL 695869 at *6 (S.D.N.Y. Oct. 6, 1998). In that matter the Court held that "[s]uch a series of discontinuous independent frauds is not an 'enterprise.' Each is a single two party conspiracy." *Id*. at 9. In that case, an auto-insurer conspired with individual clients to provide lower insurance rates without any evident association between the clients.

This Court rejected a 'hub and spoke' argument on a motion to dismiss in *AIU Ins. Co. v. Olmecs Med. Supply, Inc.*, 2005 U.S. Dist. LEXIS 29666 (ERK). In *AIU*, Judge Korman denied a motion to dismiss on this theory finding that "the Prescribing Doctors in the case are alleged to work at the same clinics, and, at least in some cases, to prescribe Supplies to the same patients at different stages of treatment." Id. at 22-23.

The case at bar is entirely distinguishable from the *AIU* case as there are no allegations of common treatment or inferences to be drawn thereby.

Furthermore, Plaintiff has failed to identify any common purpose between the participants of the alleged 'enterprise.'   The moving defendants, by the Plaintiff's own pleading, are different than the other groups of defendants as they were not the beneficiaries of any alleged kick-backs.

 A plain reading of the Complaint raises no possible inference that the moving Defendants benefited financially or in any other way from this arrangement.  Nor can it be inferred that they were aware of any of the other "spokes" in the alleged scheme.

Simply stated the Plaintiff has failed to allege that the moving defendants were engaged in or a part of an "enterprise" sufficient to form the basis of a RICO claim under 18 U.S.C. § 1962 (c).  As such, the Plaintiff's cause of action should be dismissed.

In addition plaintiff has not adequately plead that the moving defendants participated in the conduct of an enterprise. The Supreme Court has interpreted the phrase "to participate … in the conduct of [the] enterprise's affairs" to mean participation in the operation or management of the enterprise. *De Falco v. Bernas,* 244 F.3d 286, 309 (2d Cir. 2001) (citing *Reves v. Ernst & Young,* 507 U.S. 170, 185, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993)).

Under the "operation or management" test, to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs, "one must have some part in directing those affairs." *Id.* (citing *Reves* 507 U.S. at 179). RICO liability is not limited to those with primary responsibility, nor to those with a formal position in the enterprise, but some part in directing the enterprise's affairs is required. *Id.* citing *Reves,* 507 U.S. at 179.

In the second Circuit, the "operation or management" test is rigorously applied. *See United States Fire Ins. Co. v. United Limousine Serv., Inc.,* 303 F. Supp. 2d 432, 451-

452 (S.D.N.Y. 2004). Thus, "it is not enough to merely take directions and perform tasks that are necessary and helpful to the enterprise…or provide goods and services that ultimately benefit the enterprise." *Id.* Rather, the key question is "whether the provision of these services allows the defendant to direct the affairs of the enterprise." *Id.* citing *Schmidt v. Fleet Bank,* 16 F. Supp. 2d 340, at 346; *see also United States v. Workman,* 80 F.3d 688, 696 (2d Cir.1996) ("A defendant might well have performed helpful acts without playing any part in directing the enterprise's affairs.")

## 2. Fourth Cause of Action (Fraud against all Defendants)

The deficiencies set forth above in sections 1(b) and (c) relating to the Plaintiff's failure to plead the RICO claims with sufficient particularity likewise require dismissal of the fourth cause of action for common law fraud against the moving defendants.

The Fourth Cause of action incorporates all of the prior allegations of the scheme set forth in support of the enterprise alleged for purposes of the RICO count.

The deficiencies identified in the preceding arguments require dismissal of this cause of action as well.

## 3. Fourteenth Cause of Action (Fraud against the Moving Defendants)

The fourteenth cause of action against the moving defendants is based entirely on corporate structure fraud.  Although Paragraph 251 of the First Amended Complaint alleges that State Farm was damaged in the amount of $448,000.00 for services rendered after April 04, 2002 (the effective date of the regulation), plaintiff makes no effort to identify the speaker, time, date or place of the alleged fraud.

Presumably, the misrepresentation as it relates to corporate structure fraud is the submission of bills which represent that the P.C. is properly formed.  Plaintiff is under a

pleading burden to identify, specifically, the speaker, time, date and place of such events. See *Lerner v. Fleet Bank, N.A., 459 F.3d 273 (2d Cir. 2006) quoting Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).

Unlike certain instances where the information is in possession of the defendants, this information, to the extent it exists, is in the possession of State Farm.

As the Plaintiff has failed to adequately plead common law fraud with sufficient particularity, this cause of action must be dismissed.

### 4.   Fifteenth Cause of Action (Unjust Enrichment)

To state a claim for unjust enrichment under New York law, a plaintiff must establish: "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 519 (2d Cir. 2001) (citing *Universal City Studios, Inc. v. Nintendo Co.*, 797 F.2d 70, 79 (2d Cir.1986)).

An unjust enrichment claim, which is a quasi-contract claim, requires some type of direct dealing or actual, substantive relationship with a defendant. *See Redtail Leasing, Inc. v. Bellezza,* 1997 U.S. Dist. LEXIS 14821, No. 95 Civ. 5191 (JFK), 1997 WL 603496 7-8 (S.D.N.Y. Sept. 30, 1997).

While the elements of the unjust enrichment claim do not explicitly spell out such a requirement, the requirements that the defendant be enriched at the plaintiff's expense and that good conscience necessitate that the defendant make restitution to the plaintiff, clearly contemplate that the defendant and the plaintiff must have had some type of direct

dealing, an actual relationship or some substantive connection.  *AIU v. Olmecs Med.*

*Supply, Inc.*, 2005 U.S. Dist. LEXIS 29666 (ERK).

Plaintiffs have neither alleged any direct dealing between the moving defendants

and Plaintiff nor any benefit conferred upon the moving defendants at the Plaintiff's

expense.  To the contrary, the Plaintiff has only alleged that other co-defendants

benefited via kick-backs.

As such, the Fifteenth Cause of Action must be dismissed.

### <u>CONCLUSION</u>

For the foregoing reasons, the defendants Bozena Augustyniak, Bronxborough

Medical and Wellness, P.C., Boris Zak and Summit Management Corp. respectfully pray

that the Court dismiss the Third, Fourth, Fourteenth and Fifteenth Causes of Action in

their entirety and grant such further relief as the Court deems appropriate.


Respectfully submitted,
Bozena Augustyniak
Bronxborough Medical and Wellness, P.C.
Boris Zak
Summit Management Corp.
By counsel,


/s/ Matthew J. Conroy
Matthew J. Conroy (MC 9014)
Maria C. Diglio (MD 5650)
Matthew J. Conroy & Associates, P.C.
350 Old Country Road – Suite 106
Garden City, NY 11530
(516) 248-2425


Dated: January 04, 2008

## <u>CERTIFICATE OF SERVICE</u>

      I, Matthew J. Conroy do hereby certify that a true and accurate copy of the foregoing was served upon all counsel of record by ECF and First Class US Mail, postage prepaid this 4th day of January 2008.


                        /s/ Matthew J. Conroy_____
                        Matthew J. Conroy