UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                      Plaintiff,          MEMORANDUM AND ORDER
                                                  04 CV 5045 (ILG)

   -against-

CPT MEDICAL SERVICES, P.C., *et al.*,

                      Defendants.
-----------------------------------------------------x

GLASSER, United States Senior District Judge:

## BACKGROUND

On October 22, 2007, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm" or "Plaintiff"), a nationwide automobile insurer, filed its amended complaint against forty-seven defendants, alleging that it was defrauded when defendants CPT Medical Services, P.C., Hoss Medical Services, P.C., Channel Diagnostics, P.C., and East-Way Chiropractic, P.C. (the "Defendant Medical Corporations") performed medically unnecessary diagnostic current perception threshold tests ("CPT tests") on patients covered by State Farm insurance, and then submitted bills to State Farm for those tests with fraudulent documentation purporting to support the medical necessity of those tests. Plaintiff claims that the defendants who performed the CPT tests, Drs. Huseyin Tuncel and Andrew Susi, owned and operated the Defendant Medical Corporations in name only, when in fact they were secretly owned and operated by layperson Richard Weinstein through defendant management companies Richard's Medical Management Corp. and Weinstein Healthcare

1

Management, Inc. (the "Weinstein Entities") in violation of New York law requiring medical corporations to be owned by licensed physicians. To carry out their fraudulent scheme, Weinstein and the Weinstein Entities paid kickbacks to either the treating physicians or other lay persons who controlled the medical corporations in order to obtain patient referrals and letters of medical necessity that they submitted to State Farm to bolster their claims. State Farm was required to pay these claims within thirty days pursuant to New York's No-Fault laws, N.Y. Ins. Law § 5101 *et seq.*, and the regulations promulgated pursuant to those laws, 11 N.Y.C.R.R. § 65 *et seq.*

Discovery has been ongoing in the action. This Memorandum & Order concerns two different discovery disputes.

### A. Deposition of Dr. John McGee

State Farm subpoenaed Dr. John McGee, a non-party, to appear for a deposition on April 1, 2008. It claims that Dr. McGee was one of the treating physicians that ordered CPT tests from the Defendant Medical Corporations. He was also the principal of two non-party medical corporations, Ostia Medical and Wexford Medical, that billed State Farm for medically unnecessary CPT tests and submitted fraudulent supporting documentation almost identical to that submitted by the Defendant Medical Corporations. Pl. Br. at 2-3. State Farm asserts that Dr. McGee's deposition is necessary to

> provide direct testimony about why CPT Tests billed by the CPT Medical Defendants were performed, the basis for certain statements about CPT Testing that State Farm alleges were fraudulent, and the conduct of named defendants in the case, including the CPT Medical Defendants, the Weinstein Entities, Richard Weinstein, Huseyin Tuncel, Andre Susi, Yan Moshe and Dr. Riaz Ahmad.

Id.

On March 27, 2008, Dr. McGee moved the Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to "define the parameters of the testimony" that he would be required to provide. Letter to Judge Matsumoto, dated March 27, 2008, at 1. Dr. McGee believes that at his deposition State Farm will question the propriety of his medical practice and whether he violated any rules of professional conduct. Id. This belief is based on Dr. McGee's assertion that State Farm has in the past used depositions of other physicians to "intentionally seek[] out information of professional misconduct in order to report the doctors to state authorities," thereby gaining the added benefit of "being able to deny all pending and future insurance claims from those doctors." Id. at 3. Dr. McGee contends that he should be afforded a qualified privilege not to answer questions regarding his medical practice because if he were subjected to similar questioning from a professional disciplinary committee he would be given notice of the claims against him, given time to prepare a defense, and granted a hearing.

On April 7, 2008, Judge Kiyo A. Matsumoto, the magistrate to whom this action was referred to oversee discovery, denied Dr. McGee's request as follows:

> The court declines to stay Dr. McGee's deposition and directs Dr. McGee to answer all questions that are relevant to the claims and defenses of the parties to this action or that are likely to lead to the discovery of admissible evidence. Dr. McGee has not demonstrated the existence of any privilege that would allow him to avoid answering relevant questions that might put his medical license at risk. Dr. McGee's assertion that disciplinary proceedings may be commenced against him as a result of his deposition testimony are speculative at this time, nor has he shown that he would not be afforded due process in any disciplinary proceedings against him.

Docket Minute Entry dated April 7, 2008. Dr. McGee now objects to Judge Matsumoto's ruling.

## B. Bank Subpoenas

State Farm also served subpoenas on the Bank of America and Morgan Stanley (the "Banks") for financial documents related to Weinstein and the Weinstein Entities (the "Weinstein defendants") to determine how the alleged kickback payments were made. The subpoenas sought:

> Any and all documents or records, in either paper or electronic form, relating to Richard Weinstein or [certain account numbers], including but not limited to account statements, cancelled checks, deposit slips, withdrawal slips, records of wire transfers, signature cards, loans and/or loan applications, corporate resolutions, documents related to the opening and/or closing of any account, documents related to any reporting or filing with any governmental agency including any CTRs and Form 1099s, but excluding any SARs, and applications for and/or extensions of loans or lines of credit.

Docket No. 362, Exs. A and B. Later letters sent from State Farm to the Banks detailed the kind of documents that State Farm requested:

> Without limiting our subpoena in any way, at this time we will accept opening documents, monthly statements, withdrawals, signature cards, corporate resolutions, and applications for and/or extensions of loans or lines of credit for all accounts responsive to the enclosed subpoena.

Id. The Weinstein defendants moved to quash the subpoenas pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv), arguing that the subpoenas were overly broad, missing return dates, and that State Farm should not be permitted to pursue its own discovery when it had failed to properly respond to the Weinstein defendants' discovery demands.

On June 24, 2008, Judge Matsumoto issued an order denying the motion to quash. See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., 04 CV 5045 (ILG) (KAM), slip op. (E.D.N.Y. June 24, 2008). She found the subpoenas, and Plaintiff's follow-up letters to the Banks regarding the subpoenas, "sufficiently descriptive and

4

focused on documents relevant and necessary to the plaintiff's claims" that "the Weinstein defendants paid kickbacks as part of a fraudulent scheme to perform and then bill plaintiff for medically unnecessary CPT tests." Id. at 7-8.  She noted that deficiencies arising from Plaintiff's failure to list the return dates and the date the subpoena was signed had been cured by Plaintiff after it was informed of the deficiencies.  Id. at 3-4.  However, she also found that the subpoenas "fail to specify any temporal limits" and accordingly ordered that

> the opening documents relating to each of the subpoenaed accounts, irrespective of dates should be produced, and that the documents produced pursuant to the subpoenas should otherwise be limited to the dates set forth in the First Amended Complaint.  Plaintiff shall notify the financial institutions of the subpoenas' temporal limits as defined by the First Amended Complaint.

Id. at 8-9.

With regard to the Weinstein defendants' argument that it would be "inequitable" or "prejudicial" for State Farm to seek discovery from non-parties where it had yet to comply with outstanding discovery requests from the defendants, Judge Matsumoto wrote:  "Defendants do not cite authority, and the court is not aware of any, that permits, much less compels the quashing of a subpoena to a non-party because a motion to compel discovery is pending between the parties."  Id. at 4.  The Court had previously, on June 5, 2008, granted in part Defendants' motion to compel State Farm to produce previously requested documents.  See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., 04 CV 5045 (ILG) (KAM), slip op. (E.D.N.Y. June 5, 2008).  State Farm has complied with the outstanding discovery requests since that time.  See Docket Minute Entry dated July 7, 2008.  The Weinstein defendants now object to Judge Matsumoto's rulings regarding the quashing of the subpoenas.

## DISCUSSION

The Magistrates Act, 28 U.S.C. § 636(b)(1)(A) ("Section 636"), permits a district court judge to "designate a magistrate . . . to hear and determine any pretrial matter pending before the court," excluding certain dispositive motions. Pre-trial discovery matters are generally considered nondispositive, and a district court should only reverse a magistrate's evidentiary-related rulings if they are "clearly erroneous or contrary to law." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Fed. R. Civ. P. 72(a). A finding is clearly erroneous if the district court is "left with the definite and firm conviction that a mistake has been committed." Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A., 02 CV 0795 (CBM), 2005 U.S. Dist. LEXIS 2144, at *6 (S.D.N.Y. Feb. 10, 2005) (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)). A ruling is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (quotation omitted). Magistrate judges are afforded broad discretion with respect to nondispositive matters, and their findings should only be reversed if such discretion is abused. Lyondell-Citgo, 2005 U.S. Dist. LEXIS 2144, at *7. As discussed below, neither of Judge Matsumoto's rulings was clearly erroneous.

With respect to Dr. McGee's deposition, there is no authority for limiting depositions based on mere speculation that some questions might put the witness at risk of appearing before a professional disciplinary committee. Dr. McGee is not protected by any privilege, and as such must answer all relevant questions regarding his relationships to defendants and the submission of claims for CPT tests as they relate to State Farm's allegations.

6

The Court is also not aware of any authority that would allow the Weinstein defendants to quash State Farm's subpoenas to the Banks based on the alleged noncompliance by State Farm with discovery requests. Moreover, that objection is now moot pursuant to Judge Matsumoto's finding on July 7th that State Farm has fulfilled its discovery obligations. See Docket Minute Entry dated July 7, 2008. Defendants' objection based on the procedural defects of the subpoenas, namely that they were missing relevant return dates, is also moot because those defects have since been corrected by Plaintiff, as noted in Judge Matsumoto's Memorandum & Order. Thus, the Court finds that, with Judge Matsumoto's directive to add temporal limits in accordance with the dates set out in the Amended Complaint, the subpoenas are tailored to produce relevant evidence directed at whether the Weinstein defendants made kickback payments to the other defendants, and if they did, how those payments were made.

## CONCLUSION

For the foregoing reasons, the Court finds that Judge Matsumoto's rulings were not clearly erroneous and affirms her findings.

SO ORDERED.

Dated:     Brooklyn, New York
           July 22, 2008

_____/s/_____
I. Leo Glasser
United States Senior District Judge

Copies of the foregoing memorandum and order were electronically sent to:

<u>Counsel for the Plaintiff</u>:

Jay Shapiro, Esq.
Ross O. Silverman, Esq.
Alexis Lauren Cirel, Esq.
Jonathan L. Marks, Esq.
Cara A. Roecker, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022

<u>Counsel for Non-Party Dr. John McGee and the Weinstein defendants</u>:

Bruce S. Rosenberg. Esq.
Rosenberg Law, P.C.
2631 Merrick Road, Suite 301
Bellmore, New York 11710