UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Plaintiff,                **OPINION AND ORDER**

    -against-                         04-CV-5045 (ILG) (ALC)

CPT MEDICAL SERVICES, P.C., et al.,

                Defendants.

-----------------------------------------------------------------X

**ANDREW L. CARTER, JR., UNITED STATES MAGISTRATE JUDGE:**

    Before the Court are two outstanding discovery motions. (Docket Nos. 544, 547.) In the first motion, Plaintiff State Farm requests: (a) an order providing that Dr. Hedgecock may not be called as a witness at trial, and any letters or other materials authored by Dr. Hedgecock may not be offered in evidence or relied upon at trial, and (b) an order requiring Defendants' attorney to pay State Farm's expenses associated with Dr. Hedgecock during expert discovery. (Letter from Jonathan Marks, dated June 8, 2010 "June 8 letter".) In the second motion, Defendants[1] request an order compelling Plaintiff to produce certain documents in compliance with Judge Matsumoto's June 5, 2008 order (Docket No. 366), arguing, *inter alia*, that Plaintiff failed to produce the entire claim file. They also request that the Court impose sanctions against State Farm for failing to comply with Judge Matsumoto's order. (Letter from Bruce Rosenberg, dated June 22, 2010 "June 22 letter".)

    I held a hearing on July 28, 2010 to hear counsel present their respective positions. Based on the motions and oral arguments presented before me, I (1) grant in part and deny in part Plaintiff's motion to preclude Dr. Hedgecock's testimony from trial, (2) deny Plaintiff's

---

[1] Huseyin Tuncel, CPT Medical Services, P.C., Hoss Medical Services, P.C., Richard Weinstein, Richard's Medical Management, Inc. and Weinstein Healthcare Management, Inc.

1

motion for costs and expenses, (3) deny Defendants' motion to compel, and (4) deny Defendants' motion to sanction Plaintiff.

## I. Dr. Hedgecock's Testimony

### A. Background

During the course of expert discovery, Defendants designated Dr. Hedgecock, the inventor of the machine at issue, as their expert and provided Plaintiff with an expert report. Plaintiff contends that it expended a considerable amount of time and costs to review, analyze, and understand Dr. Hedgecock's report. It met with their own expert to discuss the report and spent time preparing for Dr. Hedgecock's anticipated deposition. Originally, expert discovery was to close on April 5, 2010. Plaintiff attempted eight times before this deadline to serve Dr. Hedgecock with a notice of deposition. (June 8 letter, n. 2.) On April 13, 2010, I held a conference and permitted a limited extension of expert discovery for the purpose of serving and deposing Dr. Hedgecock. Subsequently, Plaintiff stated that it has been unable to obtain a definitive deposition date from Defendants and effectuate service. It argued that Defendants' counsel should accept service on behalf of Dr. Hedgecock. Defendants refused to do so. On May 5, 2010, I ordered Defendants' counsel to take affirmative steps to help facilitate service upon Dr. Hedgecock. On May 27, 2010, Plaintiff informed me that despite repeated efforts, Plaintiff has not been able to serve Dr. Hedgecock and Defendants' counsel refused to accept service on Dr. Hedgecock's behalf. Defendants' counsel informed me that Dr. Hedgecock had his own personal attorney to represent him for the deposition and would accept service on Dr. Hedgecock's behalf. I again extended discovery until June 18 for the limited purpose of deposing Dr. Hedgecock and reiterated my request that Defendants' counsel take affirmative steps to effectuate service. I also ordered that the deposition occur on June 18. On June 2, 2010,

Defendants withdrew Dr. Hedgecock as their expert witness. (Docket No. 542.) During this time, the parties had also submitted summary judgment motions and Defendants used Dr. Hedgecock's expert report in their opposition to Plaintiff's summary judgment motion.

**B.     Discussion**

At the hearing, Defendants represented again that they would not call Dr. Hedgecock as an expert witness during trial. They also informed me that they would not have any expert testify at trial. However, they do intend to call Dr. Hedgecock as a fact witness, though they admitted that they never disclosed Dr. Hedgecock in their F.R.C.P. 26(a) disclosures, they did not amend their Rule 26(a) disclosures as they were required to do so, and factual discovery ended many months ago. Plaintiff expressed concern that, given Dr. Hedgecock's role in this litigation, his specialized knowledge about the machine at issue, and his detailed expert report, Dr. Hedgecock will testify as an expert witness under the guise of a fact witness.

While I find Plaintiff's concerns legitimate, I will allow a limited re-opening of factual discovery to allow Plaintiff to depose Dr. Hedgecock as a fact witness. However, given Dr. Hedgecock's evasion of service and Defendants' hesitancy about whether they will indeed have Dr. Hedgecock testify as a fact witness, I order Defendants' counsel to accept service on Dr. Hedgecock's behalf. Defendants' counsel is also to work expeditiously with Dr. Hedgecock and Plaintiff's counsel to secure a deposition date(s). Dr. Hedgecock's deposition will occur no later than **September 17, 2010** and the deposition date shall be set at least 20 days before the scheduled deposition. As I held in my previous order, Plaintiff has the right to depose Dr. Hedgecock for up to seven hours. Defendants are also to produce the relevant documents that Plaintiff requests in its subpoena from Dr. Hedgecock twenty days before the scheduled deposition. If Defendants decide to change their position about calling Dr. Hedgecock as a fact

3

witness, they are to notify the Court of their position. Moreover, if Dr. Hedgecock's deposition does not occur by September 17 and Defendants do not show good cause for the delay, Plaintiff may renew its request to preclude Dr. Hedgecock from testifying as a fact witness.

I am cognizant of Plaintiff's fear that despite Defendants' representation that Dr. Hedgecock will not testify as an expert witness, his testimony may violate Fed. R. Evidence 701. However, it is premature for the Court to make this determination before Dr. Hedgecock's deposition. Accordingly, Plaintiff may move to preclude Dr. Hedgecock as a fact witness in a later *in limine* motion before Judge Glasser.

Precluding Dr. Hedgecock as an expert witness is no longer an issue because Defendants have represented to the Court that they will not use Dr. Hedgecock as an expert witness. However, I do note that after months of litigating the issue, Defendants subsequently withdrew Dr. Hedgecock as an expert witness but yet, used his report in their summary judgment motion when Plaintiff did not have an opportunity to depose the witness. Accordingly, to avoid misunderstandings and ambiguity, Defendants are precluded from using Dr. Hedgecock as an expert witness at trial, and any letters or other materials authored by Dr. Hedgecock may not be offered in evidence or relied upon at trial to the extent the evidence relates to an expert opinion.

While I am tempted to impose costs and fees on Defendants, I decline to do so. Courts in this district have held that "imposition of sanctions under Rule 37 is a drastic remedy ... and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 587 (E.D.N.Y. 1994). Having said this, I do expect Defendants to be forthright with Plaintiff about whether they will indeed use Dr. Hedgecock solely as a fact witness and will work amicably with Plaintiff to secure a deposition date(s).

## II. Defendants' Motion to Compel

Defendants move to compel Plaintiff to produce four separate documents as previously ordered by Judge Matsumoto – (1) missing documents in the claim files, (2) relevant portions of the Automobile Claims Manual, (3) manuals, policies and procedures relating to no fault benefits, and (4) a privilege log. (Docket No. 366.)

### A. Claim Files

Judge Matsumoto previously ordered Plaintiff to produce claim files as they relate to the claims in the instant matter. Defendants complain that the claim files produced are incomplete. In support of their argument, they attached documents from an unrelated case, purportedly to show that Plaintiff should have produced similar documents in this present case. (June 22 letter, Exhs. B-G.) In its opposition, Plaintiff steadfastly maintained that it produced the complete claim files. Plaintiff argued that it previously asked Defendants to specify the documents that they believe are missing, but Defendants have refused to do so. Plaintiff also invited Defendants' counsel to come to State Farm's office to try to resolve the issue without Court intervention. Defendants refused to attend the meeting.

Defendants bear the burden of showing that a Court must compel a party to produce documents that are relevant to the litigation. Local Civil Rule 37.3 also obliges parties to meet and confer before requesting court intervention. In the present case, it is Defendants' obligation to cite specific documents that they believe are missing. Simply arguing that Plaintiff's production is incomplete, without further evidence, is insufficient. Defendants attached to their motion numerous exhibits from an unrelated action, but failed to articulate how these exhibits are relevant to the instant matter. At first, it appeared from the motion papers that Defendants' position was that all claim files should contain documents listed in Exhibit B. During the

5

conference, Defendants retracted their position but then failed to articulate why Exhibit B was relevant or helpful.

At the conference, Defendants identified that the production was missing activity logs, though Defendants were hesitant about this assertion. I then ordered Plaintiff to verify that it produced the activity logs. On July 30, 2010, Plaintiff submitted a letter confirming that it did indeed produce all the activity logs for the claim files. (Docket No. 558.) Accordingly, without any evidence showing that Plaintiff has not fully produced the claim files, Defendants have not established a sufficient basis for the Court to direct Plaintiff to undertake any further action. Defendants' motion to compel is therefore DENIED. If Defendants can identify specific documents that are missing from each claim file, they are to inform Plaintiff of these documents.

### B. Remaining Documents

With respect to the remaining documents listed in Defendants' June 22 letter, Plaintiff maintained that it made a complete production and identified the specific Bates-stamped documents in its motion papers. Defendants did not dispute the production in their reply letter or at the court conference. Defendants' motion to compel these remaining documents is DENIED.

### III. Leave to Modify the Protective Order

The parties currently have a protective order governing the use of confidential materials. In another State Farm matter (the "state action"), the parties have a similar protective order. Plaintiff claims that Defendants' exhibits in their June 22 letter violate the protective order from the state action and Plaintiff now wishes to make an application to that forum. It requests permission to use the information filed in this matter.

Generally, there is a strong presumption against modification of a protective order. "Where there has been reasonable reliance by a party or deponent, a District Court should not

6

modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need.'" *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001) (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1997)). Here, Plaintiff requests a modification for a limited purpose. Denying Plaintiff's request would essentially usurp the state court's role in deciding whether the Defendants violated the protective order. Moreover, because Defendants used materials governed by a protective order without permission, it should reasonably expect that Plaintiff may complain. Accordingly, I will permit Plaintiff to use the June 22 letter and Plaintiff's July 9 letter for the sole purpose of bringing the issue to the state court's attention.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion is granted in part and denied in part. Defendants' motion is denied in its entirety. The next telephone conference is scheduled for **September 24, 2010** at 10:00 a.m.

**SO ORDERED**

Dated: August 3, 2010
       Brooklyn, New York

_____
**HONORABLE ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**

7