# ROSENBERG LAW, P.C.

CHASE BUILDING
2631 MERRICK ROAD
SUITE 301
BELLMORE, NY 11710
(516) 221-1108

October 20, 2010

**VIA ECF**
Hon. Magistrate Judge Andrew L. Carter
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       RE:    State Farm v. CPT Medical Services, PC et al.
             Case No.: 04-CV-5045(ILG)(ALC)

Honorable Judge Carter:

       Kindly accept this as the most recent update concerning the Parties good faith efforts to submit a joint status report concerning the status of the deposition of Dr. Hedgecock in the above referenced matter.

       On Tuesday, October 19, 2010 undersigned counsel and Jonathan Marks attorney for Plaintiff discussed the content of a proposed Joint status letter for submission to the Court. The Co Defendants disagreed with several items which Plaintiff had proposed to include in the letter for purposes of clarification of what has transpired since Dr. Hedgecock was served with the Subpoena for Deposition in this matter and requested Plaintiff to modify those portions to properly reflect Defendants position.

       As of the last communication from undersigned counsel it was the belief of the Defendants that State Farm was going to revise the status report and file it. However as of this morning no Letter has been filed.

       Based upon the above, Defendants are submitting this letter. As the Court has already been notified service was obtained on Dr. Hedgecock by personal service which is evidenced by the proof of service previously filed with this Court. Dr. Hedgecock has apparently retained new counsel that has served objections upon State Farm and the Defendants but has not filed the objections with this Court but was filed with the Defendants last letter to the Court. The main objections to the subpoena are the document demands. The Court should be made aware that Defendants obtained the documents demands from Plaintiff. The Court should also be take notice that Defendants believed that the document demands were inappropriate for a fact witness and conferred with Mr. Marks (counsel for State Farm) about the document demands prior to service thereof. Mr. Marks confirmed that the document demand attached to the Subpoena was exactly what he wanted attached to the subpoena prior to the Subpoena being sent to the process server. The Court should also be made aware that Defendants were going to notice the deposition at Dr.

Hedgecock's place of business however after conferring with Mr. Marks the deposition was noticed at KattenMuchin's Los Angeles office pursuant to his specific request.

Defendants have complied with every action that the Court has directed. It should also be noted that the process server encountered no problem effecting service of the Subpoena on Dr. Hedgecock.

It is unduly burdensome and inequitable for the Defendants to be charged with the responsibility to defend the document demands or the subpoena when the place of the deposition, date as well as the document demands were chosen and directed by State Farm. State Farm has a greater financial ability to enforce the subpoena and document demands than the Defendants. It should also be reiterated that State Farm has been aware of Dr. Hedgecock from the time it drafted the initial Compliant which is evidenced by allegations involving Dr. Hedgecock throughout both the Initial and Amended Complaint.

Defendants have obtained service on Dr. Hedgecock pursuant to this Court's Order and it should be State Farm's obligation to defend against any objections to the subpoena especially since the majority of the objections are based upon Plaintiff's document demands. A copy of the subpoena is hereto attached with the Rider which State Farm drafted and was simply printed out and attached to the subpoena as well as the email to which the rider was attached.

Respectfully submitted,

/S/

Bruce Rosenberg (BR 2950)